Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

FILED

## UNITED STATES DISTRICT COURT

2021 OCT 22 PM 2:38

for the

Middle District of Florida

Division

Case No. 2:21-CV-776-SPCMRM

*(to be filled in by the Clerk's Office)*

**Andrew Martin**

*Plaintiff(*

-v-

**Nuance Communications, Inc
(Defendant)**

Nuance Communications, Inc.

Jury Trial: *(check one)*   Yes X   No

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

  A. **The Plaintiff(s)**

  Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

  Name: Andrew Martin
  Street Address: 8743 Coastline Ct   Unit 202
  City and County.: Naples, Collier County
  State and Zip Code: Florida, 34120
  Telephone Number: 914-522-2150

        E-mail Address.        andrew.martin.d@gmail.com

**B.    The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Nuance Communications Inc. |
| Job or Title *(if known)* | |
| Street Address | 1 Wayside Road |
| City and County | Burlington     Middlesex County |
| State and Zip Code  MA | 01803 |
| Telephone Number | 1-781-565-5000 |
| E-mail Address *(if known)* | |

**C.    Place of Employment**

The address at which I was employed by the defendant(s) is

| | |
|---|---|
| Name | |
| Street Address | 8739 Coastline Ct   Unit 101 |
| City and County | Naples   Collier County |
| State and Zip Code | Florida   34120 |
| Telephone Number | 914-522-2150 |

**II.    Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

> Termination of my employment.
>
> Failure to accommodate my disability.
>
> Unequal terms and conditions of my employment.
>
> Retaliation.

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

> Beginning in or about January 2018 and continuing.

C. I believe that defendant(s) *(check one)*:

> is/are still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

> disability or perceived disability *(specify disability)*
>
> *Obsessive Compulsive Disorder (OCD)/Anxiety Disorder*

E. The facts of my case are as follows. Attach additional pages if needed.

> [SEE ATTACHMENT]

> *(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on or about October 23, 2018.

    B.    The Equal Employment Opportunity Commission *(check one)*:

        issued a Notice of Right to Sue letter, which I received on

*September 20, 2021.*

    *(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

    *PLEASE NOTE: Although the Right to Sue is dated August 27, 2021, it was sent to the wrong address even though the EEOC was provided with my new address. It was not resent until September 20, 2021.*

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

I am seeking reinstatement and full back pay since the date of my termination to the present; damages for the pain and suffering that Defendant's caused me by refusing to accommodate me and terminating my employment and punitive damages. In addition, any attorney's fees if one is appointed by the court.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**A.     For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 10/22/21

Signature of Plaintiff  *Andrew Martin*

Andrew Martin

**B.     For Attorneys**

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

## **ATTACHMENT**

Plaintiff is filing this action regarding his employment and termination of employment from Defendant, Nuance Communications Inc. (Nuance), because Plaintiff has a legally protected disability and Nuance failed to engage in the required interactive process after he requested an accommodation and then terminated his employment.

Nuance's actions violated the Americans with Disabilities Act and Massachusetts State law M.G.L. c151(b), and Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD") which complaint was dual filed with the Equal Employment Opportunity Commission (EEOC)..

Specifically, as set forth more fully below, Plaintiff has a disability that began affecting his work in or about late November 2017. Although he raised this issue with his manager, Ms. Sandra Calle-Weaver ("Calle-Weaver") in late December 2017, Nuance failed to engage in the required interactive process with Andrew to explore reasonable accommodations that would have enabled him to more effectively perform the essential functions of his job. Had Nuance done so, it would have been able to reasonably accommodate Andrew's disability, and Andrew could have continued to ably perform his job instead of being unfairly dismissed for alleged performance issues .

In addition to its failure to engage in the interactive process and consider reasonable accommodations, Nuance's discriminatory treatment of Plaintiff is further evidenced by the company's deviation from its usual performance management processes. In this regard, Nuance failed: (1) to comply with its commitment to Andrew to provide him with 45 days to improve his performance as it stated it would; (2) to fairly assess his progress during the Performance Improvement Plan (PIP) period; and (3) to take the earlier required steps that are taken with other, non-disabled employees prior to their ever being placed on a PIP.

Defendant, Nuance is located in Burlington, Massachusetts and employs, at a minimum, hundreds of employees throughout the United States including a number within the state of Florida. It also has offices in Melbourne, Florida.

Nuance contracts with a number of medical practices that use "patient portals" so their patients can review their medical records and communicate with their doctors by computer. The Technical Support Agents answer incoming calls from these patients and assist them regarding issues they have using the patient portals.

Plaintiff began working for Nuance in or about February 2017 as a Technical Support Agent and reported to one of Nuance's managers, Ms. Calle-Weaver. Plaintiff lives in and worked for Nuance from his home in Naples, Florida.

From the day he was hired by Nuance in or about February 2017, Plaintiff performed all of the essential functions of his job well and without complaint. Indeed, he frequently received positive feedback with respect to his work and was told that he was being considered for a promotion.

Plaintiff suffers from Obsessive Compulsive Disorder (OCD) and anxiety which, when triggered, cause him to lose concentration and it affects his ability to interact with people as he normally would. In or about November 2017, he developed a skin sensation that triggered his OCD/anxiety

and he was consulting with dermatologists and neurologists to determine the origin and ultimately control his OCD/anxiety.

Although his OCD/anxiety, when triggered, can affect his performance, there are a number of reasonable strategies/accommodations that can be employed that would allow Andrew to quickly regroup and perform all of the essential functions of his job. Such accommodations include, but are not limited to, short breaks to allow him to use exercises that allow him to regain focus or excused time to consult with his therapist.

On or about December 21, 2017, for the very first time, Ms. Calle-Weaver called Plaintiff and said that there were some issues with his work and wanted to know if anything was wrong or bothering him since there had been no issues before then. Plaintiff told Ms. Calle-Weaver about a few issues he had and clearly communicated to her that he had a disability that was affecting his performance. Ms. Calle-Weaver said that she did not need to know the details, but Plaintiff said he would tell her if needed. Ms. Calle-Weaver then advised Andrew that they could discuss his disability and what they could do about it "later" after she spoke with Human Resources (HR). Several days later she then called him to say she was taking him off the schedule and they would all discuss his disability and accommodations the following week.

Despite her assurances, Calle-Weaver never discussed Plaintiff's disability with him again or engaged in any interactive process with him in an effort to determine what reasonable accommodations might help him perform his job. Rather, in or about early January 2018, contrary to Nuance's own policy requiring that certain preliminary steps be taken, she immediately placed him on a PIP and advised him that he had 45 days to improve.

Ms. Calle-Weaver's placing Plaintiff on a PIP so quickly after he advised her that he had a disability and with no interactive process taking place is troubling enough; but it is even more puzzling since Nuance's policy with respect to employees who are experiencing performance issues is quite different even if they have no disability. In fact, under Nuance's own policy, employees who are experiencing performance issues are: (a) first advised of their performance issues and are given a month to improve and; (b) then, if after a month there is no improvement they would be issued a written warning and; (c) after that, if there is no improvement in two consecutive months, then - - and only then - - would an employee be placed on a PIP.

Plaintiff, however, was never provided the opportunity to improve under this policy. There was no warning, no chance to improve. He wasn't even given the 45 days he was promised. He was only given 30 days - - and his improvement during that time was not even taken into account. In sum, he was not afforded the same opportunities that non-disabled individuals get under the Nuance performance management policy.

Accordingly, it is clear that Nuance violated both federal and state law and Plaintiff is seeking all appropriate remedies to which he is entitled under law including, but not limited to, reinstatement and back pay.